**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-6866**

_____

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

    v.

IAN ANDRE PERSAUD, a/k/a Baby Face Persaud, a/k/a Mark
Persaud,

       Defendant – Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Frank D. Whitney,
District Judge. (3:01-cr-00036-RLV-7)

_____

Submitted: March 9, 2011         Decided: April 29, 2011

_____

Before TRAXLER, Chief Judge, and KING and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ian Andre Persaud, Appellant Pro Se. William A. Brafford,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ian Andre Persaud appeals the district court's order denying his motion for return of his property under Fed. R. Crim. P. 41(g). Our review is for an abuse of discretion. Peloro v. United States, 488 F.3d 163, 173 (3d Cir. 2007). A district court abuses its discretion if it fails or refuses to exercise discretion, or if it relies on an erroneous factual or legal premise. DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008) (citing James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993)).

We conclude that the district court did not abuse its discretion in denying Persaud's motion because it was filed in the wrong district. Rule 41(g) requires that the motion be filed "in the district where the property was seized." Here, the property was seized in the Greensboro area, which lies within the Middle District of North Carolina. The district court therefore properly denied the motion and correctly advised Persaud to pursue his request in the Middle District of North Carolina or through the state judicial system.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED